UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* v. **SABRA CAPITAL PARTNERS, LLC,** and **ZVI RHINE,** *Defendants.* | Docket No.: 25-cv-5362 |

**COMPLAINT TO REQUIRE SABRA CAPITAL PARTNERS, LLC, AND ZVI RHINE TO COMPLY WITH A SECURITIES AND EXCHANGE COMMISSION ORDER**

The Plaintiff, Securities and Exchange Commission (the "Commission"), respectfully applies to the Court for the entry of a judgment pursuant to Section 209(d) of the Investor Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §80N-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by Defendants, Sabra Capital Partners, LLC ("Sabra Capital"), and Zvi Rhine ("Rhine"), with the Commission's Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP" or "Order"), to which they consented, which was entered by the Commission on September 25, 2020. (*See* Ex. 1). The OIP directed Rhine to pay a civil money penalty of $80,000 plus outstanding interest which accrues pursuant to 31 U.S.C. § 3717; and ordered certain injunctive relief against him and Sabra Capital.

In support of its Complaint, the Commission states as follows:

## INTRODUCTION

1. Based on their offers of settlement, the Commission found that Sabra Capital and Rhine willfully violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder, which prohibit fraudulent conduct by an investment adviser to an investor or prospective investor in a pooled investment vehicle.

2. The Commission seeks by this action to compel Sabra Capital and Rhine to comply with the Commission Order.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Sabra Capital Partners, LLC, is an Illinois limited liability company with its principal place of business in Chicago, Illinois.

5. Zvi Rhine, age 45, is a resident of Chicago, Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act of 1940.

7. Venue lies in the United States District Court for the Northern District of Illinois under Section 214(a) of the Advisers Act and Section 44 of the Investment Company Act. Rhine is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

8. The Commission's Order arose out of misrepresentations by unregistered investment adviser, Sabra Capital, and its managing member, Rhine, concerning the performance of a hedge fund (the "Fund") advised by Sabra Capital. Rhine, through Sabra Capital, managed

the Fund since its formation in 2012. From at least January 2018 through April 2019, Sabra Capital and Rhine concealed the Fund's struggles by misrepresenting the Fund's performance in updates sent to the Fund's limited partners. In addition, Sabra Capital and Rhine provided a false audit report to one investor in the Fund that contained misrepresentations about the Fund's performance to conceal their prior misstatements.

9. Based on the foregoing, Rhine and Sabra Capital willfully violated Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder and were ordered to cease and desist from committing or causing any violations and any future violations of these sections.

10. As set forth in the Commission Order, entered with Defendants' consent, the Commission imposed the sanctions agreed to in Defendants' settlement offer, which included an order for Rhine to pay a civil money penalty of $80,000 plus additional interest that accrues pursuant to 31 U.S.C. § 3717.

11. The Commission Order also imposed the following injunctive relief: (a) ordering Defendants to cease and desist from committing or causing any violations and any future violations of Section 206(4) of the Advisers Act and Rule 206(4)-8 thereunder; (b) barring Rhine from association with any investment adviser, broker, dealer, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and (c) prohibiting Rhine from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter.[1]

12. Defendants did not seek review of the Order, and the time to do so has expired.

---

[1] Any reapplication for association by Rhine will be subject to the applicable laws and regulations governing the reentry process.

13. Rhine has paid only $20,000 towards the amounts specified in the Commission Order, which remain due and owning with additional interest.

## CLAIM FOR RELIEF

1. Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act § 80a-41(d), both provide, in part:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

2. It is well-settled that the Commission may bring a proceeding to compel compliance with an order it has entered. *See, e.g.*, *Fiero v. Financial lndustry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011); *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), *citing Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

3. In response, the defendant may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a[n] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003) (regarding §21(e)(1), the enforcement provision found in the Exchange Act). *See also SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003).

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

I.

Enforcing the Commission Order as to Sabra Capital and Zvi Rhine.

II.

Entering a Judgment requiring:

a. Rhine to pay a civil money penalty of $80,000, minus any credits, plus outstanding interest pursuant to 31 U.S.C. § 3717 up through the date of entry of the Judgment;[2] and

b. the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308 and that post judgment interest shall accrue on the Judgment pursuant to 28 U.S.C. § 1961.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated: May 14, 2025               Respectfully submitted,

s/ Christy J. White
CHRISTY J. WHITE
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549-5628
WhiteChr@SEC.gov

---

[2] Sabra Capital was not ordered to pay any monetary amounts pursuant to the OIP.

Telephone: 202.551.4502
Facsimile: 202.572.1372

Attorney for Plaintiff
U.S. Securities and Exchange Commission